**Richard J. MILLER, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–91–412–CR.**

Court of Appeals of Texas,
Fort Worth.

Dec. 8, 1992.

---

David L. Richards, Fort Worth, for appellant.

Tim Curry, Dist. Atty., C. Chris Marshall, Asst., David J. Escobar and Richard Bland, Assts., Fort Worth, for appellee.

Before MEYERS and DAY, JJ., and CLYDE R. ASHWORTH, J. (Retired) Sitting by assignment.

## OPINION

DAY, Justice.

Richard J. Miller (Miller) appeals his conviction of burglary of a motor vehicle. TEX.PENAL CODE ANN. § 30.04 (Vernon 1989). Following a jury trial, the court assessed punishment at five years imprisonment in the Texas Department of Criminal Justice, Institutional Division, probated for five years.

We affirm.

David Martinez (Martinez), testified to the following facts at trial: Martinez was scheduled to meet some friends at a place known as the Exchange Club, in Tarrant County, on August 10, 1989. He arrived at the Exchange Club between 8:30 and 9:00 p.m. and went inside. Five to ten minutes later, Martinez left the club because his friends did not arrive as expected. Although it was dark outside, the parking lot was well-lit. As Martinez approached his truck from the passenger side, he saw that the driver's door was open and that a white male was leaned across the seat, going through the glove box. The dome light was on, and nothing obscured Martinez' vision. When Martinez reached the car next to his truck, the man inside the truck saw Martinez and took off running. At that time, Martinez got a good look at the man's face and shirt.

Martinez chased the man through the parking lot and past a motel. During this time a bystander contacted the police. Martinez eventually gave up chase and returned to his truck. While waiting for the police to arrive, Martinez noticed a man with the same shirt as the person who had been in his truck enter a nearby Kettle Restaurant. Martinez approached a restaurant window and observed the man he had seen in his truck sitting inside at a booth. When the police arrived, Martinez informed them that the man was inside the restaurant. The officers went into the restaurant and brought the man out. From a distance of about four feet, Martinez identified the man as the same individual who had been in Martinez' truck and whom he had chased.

At trial, Martinez described the man to be a white male, of medium height and stocky build, with a receding hairline, who wore a light blue striped shirt. While Martinez was unable to positively identify Miller in court, he was positive that the man arrested was the burglar of his vehicle.

Miller testified in his own behalf. He testified that, on August 10, 1989, he was following his daily routine of drinking coffee in the Kettle Restaurant after work. Miller admitted that he was the person the officers arrested in the Kettle Restaurant on August 10, but he denied that he burglarized Martinez' truck.

In his sole point of error Miller complains that the trial court improperly admitted hearsay testimony regarding his identification over defense counsel's objection. Miller complains of the following exchange, during which police officer Michael Ellis was allowed to testify that Martinez had identified Miller as the person who burglarized Martinez' truck:

[PROSECUTOR]: At that time, did [Martinez] identify Mr. Miller as the individual?

MR. JOHNSON [DEFENSE COUNSEL]: Your Honor, I object to this officer testifying as to whether he identified Mr. Miller.

THE COURT: The grounds for your objection, Counsel?

MR. JOHNSON: That it's hearsay.

THE COURT: Can I see the attorneys up here a second?

. . . .

THE COURT: The objection is overruled.

MR. JOHNSON: We have the additional ground in the nature of bolstering, Your Honor.

THE COURT: The objection is overruled.

You may answer.

. . . .

[PROSECUTOR]: Did Mr. Martinez identify Mr. Miller?

[OFFICER ELLIS]: Yes, he did.

TEX.R.CRIM.EVID. 801(d) defines hearsay as "a statement, other than one made by

the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Hearsay is not admissible at trial except as provided by statute or the Rules of Criminal Evidence. TEX.R.CRIM.EVID. 802.

TEX.R.CRIM.EVID. 801(e)(1)(C) provides, however, that a statement is *not* hearsay if: (1) the declarant testifies at trial, (2) is subject to cross-examination concerning the statement, and (3) the statement is one of identification of a person made after perceiving him. *See Henderson v. State*, 816 S.W.2d 845, 849 (Tex.App.—Fort Worth 1991, no pet.); *Thomas v. State*, 811 S.W.2d 201, 208 (Tex.App.—Houston [1st Dist.] 1991, pet. ref'd).

Martinez, the declarant, testified at trial and was subject to cross-examination by defense counsel regarding his identification of the man who had been in his truck. Martinez' testimony shows he had ample opportunity to perceive the man and that he identified that man to the police. The testimony Miller complains of is the identifying statement Martinez made to Officer Ellis.

We find that Officer Ellis' testimony falls within Rule 801(e)(1)(C) and thus is not hearsay. Accordingly, the trial court properly admitted it into evidence. Miller's point of error is overruled.

The judgment of the trial court is affirmed.